**In re HOPKINS et al.**

[Cite as *In re Hopkins* (1992), 78 Ohio App.3d 92.]

Court of Appeals of Ohio,
Hocking County.

No. 91–CA–11.

Decided Jan. 15, 1992.

*Patricia J. Nangle,* Guardian *ad litem,* for appellants, Hopkins, Hamilton, Betz and McKinley.

*Charles A. Gerken,* Hocking County Prosecuting Attorney, and *Jeffrey F. Bender,* Assistant Prosecuting Attorney, for appellant, Hocking County Children Services.

*Lantz, Lantz & Lipp Co., L.P.A.,* and *Charles J. Lantz,* for appellee, Joanne Rausch.

HARSHA, Judge.

This is an appeal from a judgment of the Common Pleas Court of Hocking County, Juvenile Division, denying appellant Hocking County Children Servic-

es Board's ("HCCSB") motion for permanent custody of appellants David Hopkins, Tiffany Hamilton, Jonathan Betz and Ashley McKinley ("the children"). The children were adjudicated dependent by a judgment filed in the juvenile court on September 22, 1989. They were placed in the temporary custody of HCCSB for placement in foster care by a May 26, 1989 order of the court. The guardian *ad litem* and HCCSB filed separate notices of appeal and raise the following assignments of error, respectively:

"The court erred in denying the motion for permanent custody in the adjudicatory phase of the hearing on the motion."

"The trial court erred in denying permanent custody after the adjudication phase of this case by requiring children services to show the effect upon the children which is an element of the dispositional phase or best interest hearing."

Since they raise identical issues of law, they will be considered simultaneously.

The appellants contend that, as a matter of law, the juvenile court was required to follow a bifurcated hearing process in ruling on HCCSB's motion for permanent custody. In ruling on purely legal issues, this court affords no deference to the trial court's determination and independently decides such questions of law. In that we are convinced that the trial court properly followed the law in holding one hearing, we affirm.

On May 24, 1989, a complaint was filed which alleged the children were dependent, as appellee and the father of one of the children were unable to provide suitable housing for the children. The parents ultimately admitted dependency and the court proceeded to the dispositional hearing where it placed the children in the temporary custody of HCCSB. By subsequent orders, temporary custody was continued. In October 1990, HCCSB moved for permanent custody under R.C. 2151.413.

Following a hearing on the motion, the court made findings that the parents chronically abused alcohol, the family lacked stability, the mother had a sporadic work history, and had lived in unfit housing. However, in denying the motion, the court specifically found:

"6. The issue the Court finds that is not sustained by clear and convincing evidence is the nexus between the chronic abuse of alcohol, the instability of the lack of permanent physical location of the parents; the chronic unemployment and the detriment to the minor children."

In short, the court denied the motion for permanent custody because it was not proven by clear and convincing evidence that any detriment to the children was caused by the parents' problems. Phrased differently, the court held that

HCCSB had not shown by the requisite standard that the parents' deficiencies made termination of the parental relationship serve the best interests of the children.[1]

Appellants argue that upon the filing of a motion for permanent custody under R.C. 2151.413, a juvenile court must hold two hearings—an adjudicatory hearing and a dispositional hearing. They assert that, as a matter of law, at the adjudicatory hearing, a "nexus" or causal relationship between the parent's deficiencies and the best interests of the children need not be shown. They argue that such a showing need only be made at the subsequent dispositional hearing. The hearing below, they assert, was the adjudicatory hearing at which they were not required to prove a nexus. Thus, they assert error in the juvenile court's ruling.

There are three means by which an authorized agency may obtain permanent custody of a neglected child. See *In re Ferrell* (Apr. 4, 1990), Gallia App. No. 89CA7, unreported, 1990 WL 42275. Both parents may voluntarily agree pursuant to R.C. 5103.15 to a permanent surrender of custody to the agency. The agency may request permanent custody as part of an initial neglect/dependency proceeding as authorized by R.C. 2151.353(A)(4). Or, as in this case, the agency may first obtain temporary custody and thereafter file a motion for permanent custody under R.C. 2151.413, R.C. 2151.414. In a case such as this, proceeding under the last option, there will have already been both an adjudicatory and a dispositional hearing.

Prior to the adoption of the new Juvenile Code, this court previously ruled upon the issue of whether a bifurcated hearing must be held in a proceeding upon a motion for permanent custody. *In re Richardson* (Aug. 19, 1987), Scioto App. No. CA 1674, unreported, 1987 WL 15980, held that it was not error for a trial court to determine a motion for permanent custody after only one hearing or stage. That holding was based upon the following conclusion:

"Although permanent custody is clearly a dispositional order, Juv.R. 2(1)'s definition of 'adjudicatory hearing' appears sufficiently broad to require only one hearing or stage. See Kurtz and Giannelli, Ohio Juvenile Law (1985), T 13.04, p. 164, at fn. 155. When a permanent custody motion is filed pursuant to R.C. 2151.414, unlike an original disposition pursuant to R.C. 2151.353(A), there is no dispositional option in that the trial court can only either terminate parental rights by granting the permanent custody motion or not terminate parental rights by overruling the permanent custody motion. [*In re* ] *Jones* [ (1985), 29 Ohio App.3d 176, 179, 29 OBR 206, 208–209, 504 N.E.2d 719, 721–

---

1. The appellants have not argued that the determination below was contrary to the manifest weight of the evidence.

722], *supra;* Juv.R. 2(1)." *Richardson, supra,* at 5. But, see, *In re Vickers Children* (1983), 14 Ohio App.3d 201, 14 OBR 228, 470 N.E.2d 438, and *In re Lucas* (1985), 29 Ohio App.3d 165, 29 OBR 194, 504 N.E.2d 472.

As appellants point out, R.C. 2151.414(A) specifically requires the court to " * * * conduct *a* hearing in accordance with Section 2151.35 of the Revised Code to determine if it is in the best interest of the child to permanently terminate parental rights * * *." (Emphasis *sic.*) The requirement that R.C. 2151.35 be applied does not, however, mandate two hearings. It simply means that *the* hearing be adjudicatory in nature when read in conjunction with Juv.R. 2(1), which states:

" '*Adjudicatory hearing' means a hearing to determine* whether a child is a juvenile traffic offender, delinquent, unruly, neglected, or dependent or is otherwise within the jurisdiction of the court or *whether temporary legal custody should be converted to permanent custody.*" (Emphasis added.)

Neither Juv.R. 2(1) nor R.C. 2151.35 requires bifurcation to properly rule on a motion for permanent custody. What they do require is that the hearing be adjudicatory in nature in that the more lenient evidentiary and due process procedures available in a dispositional hearing are not available here. For example, R.C. 2151.35(B), which applies to dispositional hearings, allows relaxed evidentiary rules and limited cross-examination. The hearing under R.C. 2151.414 is to be adjudicatory in nature, because parental rights may be terminated. Accordingly, it would be inappropriate to allow such a decision to be made under the less formal procedure followed at other dispositional hearings.

In short, we hold that upon a motion under R.C. 2151.413 to convert temporary custody to permanent custody, the court need hold only one hearing, which will be adjudicatory in its procedural nature to determine if it is in the child's best interest to do so. This conclusion is further bolstered by R.C. 2151.414's numerous references to "a hearing," see R.C. 2151.414(A), (D), (E), and "the hearing," see R.C. 2151.414(B).

For all of the foregoing reasons, appellants' assignments of error are overruled. The judgment of the juvenile court is affirmed.

*Judgment affirmed.*

STEPHENSON, P.J., and PETER B. ABELE, J., concur.